IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

2007 MAR 21   AM 11:49

CLARENCE
CLERK U.S. DIST. CT
S.D. OF FL. - MIAMI

| | |
|---|---|
| JULIO CESAR ALVARADO,<br>    Petitioner,<br>vs.<br><br>Alberto R. Gonzalez, Attorney General of the United States, Michael Chertoff, Secretary of the Department of Homeland Security (DHS), Emilio Gonzalez, Acting Director, United States Citizenship Immigration Services (USCIS), Andrea J. Quarantillo, Acting District Director, USCIS, Miami, Florida, Robert S. Mueller, Director, Federal Bureau of Investigation, Michael Cannon, Section Chief, FBI Name Check Program,<br>    Defendants, | Case:<br><br>**07-20732**<br>**CIV - GOLD**<br>MAGISTRATE JUDGE<br>TURNOFF |

### Petition for Hearing on Naturalization Application Pursuant to 8 U.S.C. §1447(b) and for Other Relief Pursuant to 5 U.S.C. § 701 et sq., Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, 1361

**COMES NOW JULIO CESAR ALVARADO,** hereinafter the "Petitioner," in the above captioned case, by and through the undersigned counsel, and respectfully petitions this Honorable Court for a hearing on the Petitioner's naturalization application pursuant to 8 U.S.C. §1447(b), Section 336(b) of the Immigration and Nationality Act ("INA") and/or relief under other statutory provisions set forth hereinafter . In support of same suit, the Petitioner hereby submits the following.

This is an action seeking expeditious adjudication of the Petitioner's naturalization application by this Honorable Court.

Page 1

## Jurisdiction

This Honorable Court possesses jurisdiction pursuant to 8 U.S.C. §1447(b), 5 U.S.C. §701 et sq., Administrative Procedures Act ("APA"), 28 U.S.C. §1331 as a "[f]ederal question" is being presented, and § 1361 "in the nature of mandamus" for want of a remedy.

## Venue

Venue is proper in the United States District Court, Southern District of Florida for the petitioner is seeking adjudication of his naturalization application "in the United States District Court for the District in which the applicant resides." 8 U.S.C. §1447(b).

Moreover, the relevant acts of the parties, as well the underlying documentary evidence, for the most part, is geographically located within the geographical jurisdiction of this Honorable Court.

## The Parties

**Petitioner Julio Cesar Alvarado,**

The Petitioner is a naturalization applicant whose naturalization application the United States Citizenship and Immigration Services ("CIS") [1] has failed to adjudicate in an expeditious manner as intended by Congress.

**Defendant Alberto R. Gonzalez, Attorney General of the United States**

Attorney General Alberto R. Gonzalez, is charged with interpreting and enforcing the laws governing immigration and naturalization.

**Defendant Michael Chertoff, Secretary of the Department of Homeland Security**

Michael Chertoff, Secretary of the Department of Homeland Security, is charged with administering and enforcing the laws governing immigration and naturalization.

**Defendant Emilio Gonzalez, Acting Director, U.S. Citizenship Immigration Services**

Emilio Gonzalez is the Acting Director of the Bureau of Citizenship and Immigration Services for the Department of Homeland Security. Director, Gonzalez is in charge of overseeing the processing of naturalization applications as well as properly administering the laws relating to naturalization

---

[1] In March of 2003, Immigration and Naturalization Service, an agency of the United States Department of Justice, ceased to exist and was replaced by the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). The USCIS assumed the responsibilities of processing naturalization applications among other applications that may provide benefits to aliens.

**Defendant Andrea J. Quarantillo, District Director, U.S. Citizenship Immigration Services, Miami, Florida**

Andrea J. Quarantillo is the District Director of the Miami District Office of the Department of Homeland Security. She is sued in his official capacity based upon his responsibility to administer and enforce the laws relating to immigration and naturalization in the Miami, Florida district.

**Defendant Robert S. Mueller, Director, Federal Bureau of Investigation.**

Robert S. Mueller is the director of the Federal bureau of Investigation. He is sued in his official capacity based upon his responsibility to have name checks done in an expeditious manner.

**Defendant Michael Cannon, Section Chief, FBI Name Check Program.**

Michael Cannon, is the Section Chief of the Name check program for the Federal Bureau of Investigation. He is sued in his official capacity based upon his responsibility to complete name checks in an expeditious manner.

## Exhaustion of Administrative Remedies

For the purposes of 8 U.S.C. §1447(b), the instant suit is properly filed since more than "120 days after the [initial] examination" have elapsed. See 8 U.S.C. § 1447(b) (2005). See *Alghamdi v. Ridge*, 2006 U.S. Dist. LEXIS 68498 (N.D. Fla., September 25, 2005) (rejecting the defendants' contention that "examination" includes both the interview and the criminal background check) *Shamsai v. Gonzalez*, 2006 U.S. Dist. LEXIS 76613 (D. Ga. 2006)

Nevertheless, inquiries into the Petitioner's naturalization application have been made thereby allowing the USCIS sufficient time to issue a final determination upon the Petitioner's naturalization application.

## Underlying Facts and Procedural History of the Case

**Petitioner Julio Alvarado**

Julio Alvarado (Alien No. A29-591-437) is a twenty-six (26) year old male native and citizen of Cuba who obtained lawful permanent resident status on June 26, 1996. Exhibit A.

In the Fall of 2005, Mr. Alvarado filed an INS Form N-400, Application for Naturalization, for which he was subsequently scheduled for an examination.

In the beginning of October of 2005, Mr. Alvarado attended his naturalization examination interview, and was informed that he had passed the English, U.S. History, and government tests. CIS failed to make a determination on Mr. Alvarado's application at that time.

On April 6, 2006 and September 18, 2006, Mr. Alvarado made an inquiries as to the status of his Application for Naturalization and was informed that his naturalization application was "[p]ending completion of security checks" Exhibit B.

Mr. Alvarado lacks any derogatory against his person that would adversely affect his statutory eligibility for naturalization.

Because Mr. Alvarado's inquiries have failed to produce a decision upon his naturalization application "[b]efore the end of the 120-day period," Mr. Alvarado petitions this Honorable Court to adjudicate his application for naturalization pursuant to 8 U.S.C. §1447(b).

### Argument and Memorandum of Law in Support of Petition for Review

**USCIS has failed to issue a decision upon the Petitioner's naturalization application "before the end of the 120-day period." 8 U.S.C. §1447(b) (2005).**

For the purposes of 8 U.S.C. §1447(b), the instant suit is properly filed since more than "120 days after the [initial] examination" have elapsed. See *Alghamdi v. Ridge*, 2006 U.S. Dist. LEXIS 68498 (N.D. Fla., September 25, 2005) (rejecting the defendants' contention that "examination" includes both the interview and the criminal background check) *Shamsai v. Gonzalez*, 2006 U.S. Dist. LEXIS 76613 (D. Ga. 2006)

The Petitioner is therefore entitled to seek judicial review of hisaturalization application in this Honorable Court.

8 U.S.C. §1447(b) titled "Request for hearing before district court" provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The "examination" referred to in section 1447(b) is the "first examination."

8 C.F.R. §336.1(a) (2005) provides:

> (a) After completing all examination procedures contained in part 335 of this chapter and determining to deny an application for naturalization, the Service shall

(a) After completing all examination procedures contained in part 335 of this chapter and determining to deny an application for naturalization, the Service shall serve a written notice of denial upon an applicant for naturalization no later than 120 days after the date of the applicant's *first examination* on the application. (emphasis added).

Regulation promulgated by the Attorney General mandates CIS employees to process the Petitioner's naturalization applications in an expeditious manner.

"Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 US 199, 235 (1974) *See also Accardi v. Saughnessy*, 347 U.S. 260 (1954); *Yellin v. U.S.*, 374 U.S. 109 (1963) (decisions of an agency made in violation of its own procedures are reversible even in the absence of a due process violation since agencies must obey their own rules). [2]

The Petitioner possesses standing for the petitioner possesses a 'personal stake and [an] interest that imparts the concrete adverseness required by Article III'". *Petition of Cardines*, 366 F.Supp. 700, 709 (Dist.Ct. Guam1973); *citing Association of Data Processing Services v. Camp*, 397 U.S. 150, 152 (1970); *Barlow v. Collins*, 397 U.S.159, 164 (1970).

The Administrative Procedures Act also provides this Honorable Court with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). See 8 U.S.C. §1421(c) (2005) (review of naturalization application before district court to be in accordance with chapter 7 of title 5).

The enactment of 8 U.S.C. §1447(b) by Congress was to reduce the waiting time for naturalization applicants. See H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrison). See *United States v. Hovsepian*, 359 F.3d 1144, 1163 (9th Cir. 2004) (*en banc*).

It should also be noted that upon the filing of the instant petition for review, the CIS loses jurisdiction over the Petitioner's naturalization application. id. *Hovsepian* at 1163.

---

[2]. In reversing *Accardi* and *Yellin*, the Supreme Court relied on the rule of administrative law for INS's violations of their regulations rather than the due process clause. Petitioner may be granted relief solely on the basis of INS's violating their own regulations. *Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000) (executive agencies must comply with the procedural requirements imposed by statute); *Cuesta v. U.S.*, 230 F.2d 704 (5th Cir. 1956) (INS regulations are binding and have effect of law); *Waldron v. INS*, 17 F.3d 511, 517-18 (2nd Cir. 1993) *cert. denied*, 513 U.S. 1014 (1994); *Mendez v. INS*, 563 F.2d 956, 959 (9th Cir.1977); *Montilla v. INS*, 926 F.2d 162, 167-70 (2nd Cir.1991); *and Chlomos v. U.S. D.O.J.*, 516 F.2d 310, 313-14 (3rd Cir.1977). *Suh v. INS*, 592 F.2d 230, 231 (5th Cir. 1979), *vacated on other grounds* 646 F.2d 909 (Fifth Circuit Court of Appeals does not look with favor upon INS's violating its own regulations).

In *Hovsepian*, the applicant filed for judicial review under 8 U.S.C. § 1447(b) after the legacy INS failed to decide his application within 120 days of the initial examination. While the case was pending at the district court, the legacy INS denied the naturalization application.

The district court determined that the legacy INS no longer had jurisdiction over the case, and the court thus disregarded the legacy INS decision and instead proceeded to approve the naturalization application. On appeal by the legacy INS, the Ninth Circuit found that the district court was correct in asserting exclusive jurisdiction. In reaching this conclusion, the Ninth Circuit considered the plain language of § 1447(b), the larger statutory context, and Congress' policy objectives.

8 U.S.C. §1447(b) (2005) provides in relevant part:

> [the district] court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The Ninth Circuit Court of Appeals rejected CIS' argument that CIS retains concurrent jurisdiction over an application for naturalization once a petition for review has been filed.

The Ninth Circuit held that, once suit was filed under 8 U.S.C. §1447(b), the district court assumed *exclusive* jurisdiction over the naturalization application, and CIS lost the authority to decide the case. *id. Hovsepian.*

The sponsors of the legislation intended to give naturalization applicants the power to choose which forum would adjudicate their applications. As the representative who introduced the proposed statute on the House floor noted, "in this legislation, it is the applicant, not the government, who decides the place, setting, and timeframe in which the application will be processed." 135 Cong. Rec. H4539-02, H4542 (statement of Rep. Morrison) (emphasis added). id. *Hovsepian* at 1164. Allowing the USCIS to continue to exercise jurisdiction over an application even after the naturalization applicant has elected to have the district court decide the application would frustrate the sponsors' intent. id.

In light of the statutory language, congressional intent is to allow the district court to adjudicate a naturalization application once a petition for review has been filed.

The Petitioner possesses all of the statutory prerequisites to be eligible for naturalization under Pub. L. 101-649. See 8 U.S.C. §1427 (2005). However, due to the continued delay of the

USCIS in adjudicating his application for naturalization, the Petitioner is being prevented from being admitted to citizenship (8 U.S.C. §1448(a) (2005) and therefore from enjoying the status of naturalized citizen of the United States.

Recently, this Honorable Court, Southern District of Florida, properly focused on the "nature and scope of the 'examination' required under 8 U.S.C. §1447(b)" with persuasive authority in support of Petitioner's action in **Fernandez v. Gonzalez, S.D. Fla., Case No. 06-22442-CIV-SEITZ (S.D. Fla.,December 4, 2006). See also, Torres v. Gonzalez, S.D. Fla., Case No. 06-21168-CIV-GRAHAM (S.D. Fla., February 26, 2007).**

Petitioner is experiencing substantial and "unreasonable delay[s]" in having the Federal Bureau of Investigations process his background checks. 5 U.S.C. §706(1).

For the purposes of 5 U.S.C. §706(1), the Plaintiff lacks any statutorily, regulatory, or administrative remedy of mandate therein and therefore the instant suit is properly filed.

Plaintiff is requesting that this Honorable Court compel CIS to process his application for naturalization within the processing times set forth by CIS themselves, i.e., eighteen (18) months.

The U.S. courts have uniformly concluded that, "when an agency's recalcitrance, inertia, laggard pace or inefficiency sorely disadvantages the class of beneficiaries Congress intended to protect, judicial review . . . is in order." *In re Amer. Feder. of Gov. Employees, AFL-CIO*, 790 F.2d 116, 117 (D.C. Cir. 1986); see *Leedom v. Kyne*, 358 U.S. 184, 3 L. Ed. 2d 210, 79 S. Ct. 180 (1958); and *Yue Yu v. Brown*, 36 F. Supp. 2d 922, 929 (D.N.M. 1999).

"[T]he first stage of judicial inquiry is to consider whether the agency's delay is so egregious as to warrant mandamus." *Telecommunications Research & Action v. F.C.C.*, 242 U.S. App. D.C. 222, 750 F.2d 70, 79 (D.C. Cir. 1984) ("TRAC").

Under 5 U.S.C. § 706(1), courts may compel "agency action unlawfully withheld or unreasonably delayed." The *TRAC* court set forth factors that are to be taken into consideration when such relief is sought in the context of mandamus:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for the rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency

activities of a higher or competing priority;
(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

TRAC, 750 F.2d at 80 (citations omitted).

There is no question that the Plaintiff is prejudiced in that existent delays profoundly affect his ability to enjoy the many benefits derivative of becoming a citizen of the United States. Based on the foregoing analysis, Congress has given repeated "indication" that naturalization application processing is to be effectuated in an expedited manner.

Pub.L. 101-649 transferred naturalization authority over to the United States Department of Justice, Immigration and Naturalization Service, predecessor of the Department of Homeland Security, Citizenship and Immigration Service.

Congress passed Pub.L. 101-649 in order to reduce prevalent delays in the processing of judicial naturalization petitions due to the increase of naturalization applicants petitioning for naturalization in the overburdened judicial system. See *Gorbach v. Reno*, 219 F.3d 1087, 1088 - 89 (9th Cir. 2000) *(en banc)*.

The "legislation [was] directed to change [the two-step judicial naturalization] process and to create a one-step option which will allow citizenship to be more expeditiously provided to those who qualify." See H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4542 - 43 (1989) (statement of Representative Morrison, Congress "welcome[d] these" changes to "allow people to gain their citizenship as promptly as possible." *Id.* 4542. Attached as Exhibit F.

Congress submitted in their statement that "[i]n some cases applicants must wait as long as 20 months for the final swearing-in ceremony." *id.* 4543. Implicitly, Congress recognized in its statement that 20 months is an unreasonable time for CIS to process an application for naturalization.

Indeed, WPB CIS Naturalization Office projects that a naturalization applicant to wait eighteen (18) months to process a naturalization application. Exhibit E.

The Plaintiff has now waited more than three and-a-half years and is still awaiting examination under 8 C.F.R. § 335.2(a).

Furthermore, the Plaintiff possesses all of the statutory prerequisites to be eligible for naturalization under 8 U.S.C. §1427 (2005).

It should be noted that subsequent to the passage of Pub.L. 105-119, Senator Abrams stated in the Congressional Record at S3754, April 29, 1998, the following, over INS' implementation of the new FBI fingerprint background checks:

> "Press reports suggest that INS officials have been attributing this slowdown to new procedures put in place in response to Congressional pressure. But when the subcommittee ranking member and I asked whether the new fingerprinting process might cause delays, the INS official in charge of developing them assured us that they would not.

Finally, this Honorable Court possess mandamus pursuant to 28 U.S.C. §1361 "in the nature of mandamus" to create a proper and lawful remedy to avert the continued delays present in Plaintiff's case.

## SUMMARY

FBIA and CIS employees' failure to process the Petitioner's naturalization application in an expeditious manner runs contrary to congressional intent as contained in 8 U.S.C. §1447(b) and regulation promulgated by the Attorney General and therefore operates to procedurally bar the Petitioner from being naturalized in an expedient manner especially when the Petitioner is statutorily eligible to do so.

Due to the continued delay of the CIS employees' to process the Petitioner's naturalization application in an expeditious manner consistent with statute and promulgated regulation, the Petitioner possesses standing and is entitled to have this Honorable Court decide the Petitioner's naturalization application *de novo* including any other remedy that this Honorable Court may deem as just and proper.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Petitioner respectfully requests that this Honorable Court will:

GRANT the instant Petition for Hearing on the Petitioner's Naturalization Application;

ORDER the Federal Bureau of Investigations to process Petitioner's background fingerprints in an expeditious manner; find on the record that the Petitioner is statutorily eligible to naturalize and therefore ORDER the Miami, Florida CIS Naturalization Office to favorably adjudicate the Petitioner's naturalization application as expeditiously as possible.

Respectfully submitted,

_[signature]_

Eduardo Soto, Esq.
Florida Bar #0858609
The Law Office of Eduardo Soto, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Tel.: (305) 446-8686
Fax.: (305) 529-0445

3/20/07
Date

# "EXHIBIT A"





# "EXHIBIT    B"

 **U.S. Citizenship and Immigration Services**

**Department of Homeland Security**
**U.S. Citizenship and Immigration Services**
Miami Citizenship Office
77 SE 5 Street, 2nd Floor
Miami, FL 33131

JULIO ALVARADO
1408 W 44 TERR
HIALEAH FL 33012

## Naturalization Inquiry Response

| | |
|---|---|
| Inquiry No.: 117727 | Researched by: G. Williams |

Applicant: JULIO ALVARADO
Alien Registration Number: A02-959-1437
Application: N-400
Source of Inquiry: MAIL
Requestor: JULIO ALVARADO
Date Inquiry Received: April 6, 2006
Date of Response: June 19, 2006
Application Status: Pending a Final Decision

The application is pending completion of security checks. We regret the delay and ask for your patience until a final decision can be issued for this case.

**LINCOLN DIAZ-BALART**
21ST DISTRICT, FLORIDA

COMMITTEE ON RULES
VICE CHAIRMAN

CHAIRMAN,
SUBCOMMITTEE ON
LEGISLATIVE AND BUDGET PROCESS

HOUSE POLICY COMMITTEE
CHAIRMAN,
SUBCOMMITTEE ON FOREIGN AFFAIRS
AND FREEDOM

COMMITTEE ON
INTERNATIONAL RELATIONS
(SENIORITY RETAINED)

ASSISTANT MAJORITY WHIP



# Congress of the United States
## House of Representatives
### Washington, DC 20515–0921

PLEASE REPLY TO:
WASHINGTON OFFICE:
☐ 2244 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–0921
(202) 225–4211

DISTRICT OFFICE:
8525 N.W. 53RD TERRACE
SUITE 102
MIAMI, FL 33166
(305) 470–8555

Department of Homeland Security
United States Citizenship and Immigration Services
Texas Service Center
Response

Date of Inquiry/ Received Date:   September 18, 2006
Aide:  Gissette Espinosa

Constituent: Julio Alvarado
A#:  029-591-437

## RESPONSE INFORMATION

Comments: "Mr. Alvarado is currently pending Security Background Clearance. Once the clearance has been received, the application will move forward."

**07-20732**
**CIV - GOLD**
**MAGISTRATE JUDGE TURNOFF**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JULIO ALVARADO,

### DEFENDANTS
U.S. Attorney Gonzalez, USCIS Director Michael Chertoff, et al

**(b)** County of Residence of First Listed Plaintiff: **Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Dade**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Eduardo Soto, Esq.
999 Ponce De Leon Boulevard, Suite 940
Coral Gables, Florida 33134

Attorneys (If Known)
Office of the U.S. Attorney
99 N.E. 4th Street
Miami, Florida 33138

**2007 MAR 21**
CLERK U.S. DIST. OF FL.

**(d)** Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

DADE-07-20732-CV-ASG-WCT

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
8 U.S.C. §1447(b), 5 U.S.C. §701 et sq., and 28 U.S.C. §§ 1331, 1361.

LENGTH OF TRIAL via **1** days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/20/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 956892   AMOUNT $350.00   APPLYING IFP _____

03/21/07